FISHER v. ATKINSON et al.

(Court of Civil Appeals of Texas. Austin. April 16, 1913.)

JUDGMENT (§ 17*)—PROCESS—SERVICE—NECESSITY.

Where one was served with citation and certified copy of the petition, but was not made a party nor required to answer the petition, and was not served with citation on a cross-action, the court did not obtain jurisdiction over him, and a judgment against him was erroneous.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

Error to District Court, Lee County; Ed R. Sinks, Judge.

Action by Jack Atkinson against C. M. Fisher, and another, in which defendants filed cross-bills praying for judgment over against C. S. Fisher. There was a judgment for plaintiff, and for defendant W. H. Holland against C. S. Fisher, and the latter brings error. Reversed and remanded.

John B. Durrett, of Belton, for plaintiff in error. Wm. O. Bowers, of Giddings, for defendants in error.

RICE, J. It appears from the record that on the 29th of March, 1909, Jack Atkinson conveyed to C. M. Fisher 80 acres of land out of the Walker league in Lee county, and in part payment thereof said Fisher executed his vendor's lien note, of even date, payable to, the order of said Atkinson, for the sum of $150, with 10 per cent. interest and 10 per cent. attorney's fees, which became due on the 1st of January, 1911. Thereafter said C. M. Fisher conveyed said land to plaintiff in error, C. S. Fisher, who, it seems, in part payment, assumed to pay said $150 note. Subsequent thereto, on the 8th of February, 1910, said C. S. Fisher conveyed said land by warranty deed to W. M. Holland, and on the 11th of April, 1911, said Atkinson brought this suit against C. M. Fisher and W. M. Holland, wherein he set out the execution and delivery to him by said Fisher of said note, the maturity and nonpayment thereof, and further alleged that said Holland was making some claim to said land, and prayed for judgment for his debt, interest, and attorney's fees against said Fisher, with foreclosure of vendor's lien against both said Fisher and Holland; but plaintiff in error was not made a party defendant to said suit.

C. M. Fisher, answering by cross-bill, alleged his sale of said land to C. S. Fisher, and that in said conveyance, as part consideration therefor, said C. S. Fisher assumed the payment of the note sued on, and thereby became liable to pay same, praying that he have judgment over against said C. S. Fisher.

Holland filed his cross-bill against C. S. Fisher, alleging that said Fisher sold said land to him by warranty deed, and by reason of his warranty, became liable for the payment of the note sued on by plaintiff, and praying that, in the event judgment should be rendered in favor of plaintiff against him he recover on his warranty against said C. S. Fisher for like amount. On September 6, 1911, said C. S. Fisher was served with citation and certified copy of plaintiff's original petition, but no service of citation on either of said cross-actions was ever made upon him; nor was he made party defendant to nor mentioned as such defendant in said original petition or citation.

On the 7th of May, 1912, the case was tried before the court, without a jury, and all of the parties appeared and answered, except C. S. Fisher, who made default. Judgment was rendered in favor of the plaintiff, Atkinson, and against the defendant C. M. Fisher on said note for principal, interest, and attorney's fees, and against C. M. Fisher, W. M. Holland, and C. S. Fisher for a foreclosure of the vendor's lien upon said land; and judgment was further rendered in favor of defendant Holland against C. S. Fisher for the amount of the judgment rendered against the defendants C. M. Fisher and W. M. Holland, and for all costs of suit, from which judgment this writ of error is sued out alone by C. S. Fisher, who contends that the court had no jurisdiction to render judgment against him, either for foreclosure of the vendor's lien on said land, or for judgment over in favor of Holland.

We think both of these contentions are correct. Notwithstanding the fact that plaintiff in error was served with citation and certified copy of plaintiff's original petition, yet not having been made a party to said suit, he was not required to answer thereto; and he was never at any time served with citation as to Holland's cross-action. The court therefore did not obtain jurisdiction over him, for which reasons the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.